IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs, September 19, 2007

# LINDA L. WEBER, v. DONALD D. WEBER, JR.

**Direct Appeal from the Circuit Court for Williamson County**
**No. 98023      Hon. Timothy L. Easter, Circuit Judge**

_____

**No. M2006-2311-COA-R3-CV - Filed November 28, 2007**

_____

In this dispute over child support owing by the father, the Trial Court ordered child support ended on the grounds the child turned 18 and his high school class had graduated, but ordered payments of back child support arrearage. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Dana C. McLendon, III, Franklin, Tennessee, for Appellant.

Deana C. Hood, Franklin, Tennessee, for Appellee.

## OPINION

        Plaintiff, Linda Weber, was divorced from defendant, Donald Weber, Jr., on April 26, 2006, nunc pro tunc to January 11, 2000, in the Circuit Court for Williamson County. The parties had agreed and the Court ordered that the husband's child support arrearage would be determined in the state of Tennessee, and not Colorado. The parties further agreed and the court ordered that the husband's motion to dismiss for lack of jurisdiction would be dismissed.

        On May 8, 2006, the husband filed a Motion to Terminate Child Support, stating that the parties' child, Ryan (the only one that was still a minor), would turn 18 on May 19, 2006, and

that his high school class would graduate on May 22, 2006.

The State entered a Notice of Appearance, asserting that it was a party since this is a Title IV-D case.

The Court conducted a hearing on June 27, 2006, and found that the child had turned 18, and that the class of which he was a member had graduated. The Court ordered the husband's child support obligation terminated, but that he owed an arrearage of $3,322.00 to the State of Tennessee, which he could satisfy at the rate of $200.00 per month.

The State then filed a Motion to Alter or Amend pursuant to Rule 59.04, and asserted that the issue of arrearage owed to the wife was not addressed. The State also asserted that it had received admissible evidence that Ryan was classified as a junior as of the end of the 2005-2006 school year, that he was being home schooled, and that his expected graduation date was 2007. The Court conducted yet another hearing, and found that the Motion to Alter or Amend was not well-taken, and denied the Motion. The wife has appealed.

The parties filed a Statement of the Evidence, which states that a hearing was held on June 27, 2006, on the husband's Motion to Terminate Child Support, and that at that time, the parties and the minor child were all living in Colorado. The husband testified at the hearing that the son had entered high school in Colorado in 2002, and offered a one-page printout of what purported to be a school record, which was admitted into evidence despite a hearsay objection by the wife's counsel. The Statement of the Evidence provides that this document was the basis of the Trial Court's decision to terminate the child support obligation, and that the Court found the wife did not produce proof of compliance with the Colorado statutes on home schooling. The husband denied that the wife had consulted with him about withdrawing the son from public school to home school him.

The wife testified that the son has diabetes which makes it hard for him to concentrate and perform in school, and that was the reason she withdrew him from public school and began home schooling. She testified that the son had one more year to go before he would graduate from high school. She offered several documents, but the husband's attorney objected on the grounds of hearsay, and the documents were not admitted. (They were submitted as an offer of proof.) The wife contends that these documents demonstrated that Ryan would not graduate until Spring 2007.

When the hearing on the Motion to Alter or Amend was held, the wife offered these same documents, but they had since been "authenticated" with notarial seals. The Trial Court again declined to accept these documents into evidence, and concluded that the husband was more credible than the wife, and found all disputed facts in his favor.

The issues on appeal are:

1.    Did the Trial Court err in admitting husband's hearsay exhibit?

-2-

2.   Did the Trial Court err in granting husband's motion to terminate child support?

The wife charges the Trial Court erred in allowing the husband to present a document that purported to be a printout of Ryan's public school records, on the grounds the document is hearsay. The Statement of the Evidence states that husband "offered a one-page printout of what purported to be a school record, which was admitted into evidence despite a hearsay objection by wife's counsel." The Statement does not reveal upon what basis the Trial Court overruled the hearsay objection, but does state that the Trial Court relied upon this document in making its determination (along with the testimony of the husband and wife, and the wife's lack of home school documentation).

Trial courts are given wide discretion regarding admissibility of evidence, and we will not interfere with their judgment on same absent a clear abuse of discretion. *Tire Shredders, Inc. v. ERM*, 15 S.W.3d 849 (Tenn. Ct. App. 1999). The Statement of the Evidence provides that the husband testified that Ryan entered high school in Colorado in 2002, and he introduced what purports to be a school record showing that Ryan was in the 9th grade when he was withdrawn in 2003. The wife admitted that Ryan was withdrawn from school in 2003, when he was in 9th grade.

The Statement of the Evidence is silent regarding the Trial Court's reasoning behind allowing this document to be admitted. Without the record showing why the Trial Court admitted this document, we cannot say the Trial Court abused its discretion. Moreover, if it was improperly admitted, it is harmless error, because both parties admitted the facts shown by this document (i.e. that Ryan was in the 9th grade for the 2002-2003 school year). While the Trial Court stated that he relied upon the document, he also stated that he relied upon the parties' testimony, and the lack of proof regarding home schooling by the mother. The Court made clear that he found the husband to be the more credible witness. This issue is without merit.

The wife also argues that the Trial Court erred in terminating the husband's child support obligation, because the husband failed to prove that Ryan would have graduated in 2006. The Trial Court found that the husband testified that Ryan entered high school in 2002, which placed him in the graduating class of 2006. The Trial Court stated that the wife testified that Ryan was now being home schooled and would not graduate until 2007, but conceded that Ryan had completed the 9th grade when he was withdrawn from public school in 2003). The dispute between the husband and wife's testimony was resolved it in the husband's favor, based upon the Court's finding the husband was a more credible witness.

This Court has previously said:

. . . on an issue which hinges on witness credibility, [the trial court] will not be reversed unless, other than the oral testimony of the witnesses, there is found in the record clear, concrete and convincing evidence to the contrary.

*Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn. Ct. App.1974). We affirm the

Trial Court on this issue.

For the foregoing reasons, we affirm the Judgment of the Trial Court and remand, with the cost of the cause assessed to Linda L. Weber.

_____
HERSCHEL PICKENS FRANKS, P.J.